21601. MANER *v.* THE STATE.

DECIDED SEPTEMBER 4, 1931.

*Randolph Echols, John F. Echols,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, E. A. Stephens,* contra.

LUKE, J. The indictment in this case charges "W. A. Maner with the offense of attempt to commit arson, for that said accused . . did wilfully and maliciously attempt to set fire to and burn the offices and building known as No. 160-1/2 Hunter Street, Southwest, in Atlanta, Fulton County, Georgia, then and there occupied by W. A. Maner, doing business under the trade name of Durham Medical Institute, said City of Atlanta being a municipal corporation, and said attempt to set fire to and burn the above-designated offices and building having been made in the following manner, to wit: Accused strewed excelsior along and upon barrels and boxes and poured alcohol and gasoline over and upon the same, and accused stuck croker sacks under a roller-top desk and saturated the same with alcohol and gasoline, in said offices in said building, with intent thereby to set fire to and burn said building." Defendant demurred to the indictment, on the ground that "It sets out no overt act on the part of the defendant to commit the crime of

attempt to commit arson, the allegations therein contained merely alleging preparatory acts." The demurrer was overruled, and on this ruling the defendant assigns error.

We recognize, of course, that one may intend to commit a crime and do certain acts towards its consummation, and repent of his intention and refrain from his original purpose before the commission of the act; and that "mere preparatory acts for the commission of a crime, and not proximately leading to its consummation do not constitute an attempt to commit the crime." *Groves* v. *State,* 116 *Ga.* 516 (42 S. E. 755, 59 L. R. A. 598). The question for determination is, does the indictment allege such preparatory acts as "proximately lead to the consummation of the crime?" We think it does. How much further could the defendant have gone and still be guilty only of an attempt? If he had actually set fire to the building he would have been guilty of the crime of arson rather than an attempt to commit this crime, because the act of 1924 (Ga. L. 1924, p. 193), section 2, provides that one is guilty of the offense who wilfully or maliciously or with intent to defraud "sets fire to *or* burns *or* causes to be burned, *or* who who aids, counsels, *or* procures the burning" of the buildings named in this section. Any one of these acts would constitute the crime of arson. Since setting fire to the building would constitute the crime of arson, and the law makes it an offense to attempt to commit this crime, at what stage of defendant's acts would he be guilty of the latter offense? Where is the dividing line between preparation and attempt? Mr. Clark in his work on Criminal Law (2d ed.), p. 126, says "An attempt to commit a crime is an act done with intent to commit that crime, and tending to, but falling short of, its commission;" and that two of the essential elements of the offense are: "(a) The act must be such as would be proximately connected with the completed crime. (b.) There must be an apparent possibility to commit the crime in the manner proposed." And on page 127 he says: "To constitute an attempt there must be an act done in pursuance of the intent, and more or less directly tending to the commission of the crime. In general, the act must be inexplicable as a lawful act, and must be more than mere preparation. Yet *it can not accurately be said that no preparations can amount to an attempt.* It is a question of degree and depends upon the circumstances of each case." Bishop

says that "An attempt is an intent to do a particular criminal thing, with an act towards it falling short of the thing intended." See 1 Bish. New Crim. L. § 728. A reasonable construction of the acts alleged in the indictment force one to the conclusion that such acts were committed for no purpose other than to set fire to the building, and thereby commit arson. Whether the defendant repented before the consummation of the crime intended would be a question of fact for the jury after the trial had reached that stage of the proceedings.

In the case of *Weaver* v. *State,* 116 *Ga.* 550 (42 S. E. 745), wherein the defendant was convicted of an attempt to commit arson, though he did not set fire to the building, the Supreme Court held: "Where police officers saw the accused throw oil upon a house for the purpose (afterward admitted) of burning it, and at this juncture the officers came out from their hiding place and could have been seen by the accused, who then started away from the house without attempting to ignite the oil or the house, the judge properly submitted to the jury the question as to whether the accused desisted on account of having repented or because he had seen the officers and was afraid of apprehension." In *Griffin* v. *State,* 26 *Ga.* 493, the Supreme Court held: "The taking the impression of the key which unlocks the door of a storehouse, for the purpose of making or procuring a false key, with the intent of entering the house and stealing therefrom, is an attempt to commit larceny from the house, by the person taking the impression of the key, whether he intended to enter and steal, himself, or to procure another to do it." The indictment in the instant case alleges that the acts set forth were done "maliciously" and "with intent thereby to set fire to and burn said building." Strewing excelsior along and upon barrels and boxes, pouring alcohol and gasoline over and upon the same, putting croker sacks under a roller-top desk and saturating them with alcohol and gasoline, are overt acts, "inexplicable as lawful acts," "tending to the commission of the crime" of arson. The indictment sufficiently alleged an attempt to commit such crime, and the court did not err in overruling the general demurrer thereto.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*